IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


AMOS BROWN,

    Plaintiff,

vs.                                    CASE NO. 1:07cv69-MP/WCS

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

This is a social security case referred to me for a report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D. Loc. R. 72.2(D). It is recommended that the decision of the Commissioner be reversed and remanded for testimony from a vocational expert.

**Procedural status of the case**

Plaintiff, Amos Brown, applied for supplemental security income benefits. Plaintiff was 50 years old at the time of the administrative hearing, on November 17, 2005, has a 12th grade education, and has no past relevant work. Plaintiff alleges

disability due to osteoporosis, inability to walk, and heart and artery disease. He alleges that his disability commenced on January 28, 2005.

The Administrative Law Judge found that Plaintiff has the residual functional capacity to do a limited range of light work. Applying the "grids,"[1] the ALJ found that Plaintiff is not disabled as defined by Social Security law.

**Legal standards guiding judicial review**

This court must determine whether the Commissioner's decision is supported by substantial evidence in the record and premised upon correct legal principles. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). A disability is defined as a physical or mental impairment of such severity that the claimant is not only unable to do past relevant work, "but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A). A disability is an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). Both the "impairment" and the "inability" must be expected to last not less than 12 months. Barnhart v. Walton, 535 U.S. 212, 122 S.Ct. 1265, 1272, 152 L.Ed.2d 330 (2002).

The Commissioner analyzes a claim in five steps. 20 C.F.R. § 404.1520(a)-(f):

1. Is the individual currently engaged in substantial gainful activity?

---

[1] Appendix 2 to Subpart P of Part 404 – Medical-Vocational Guidelines, found at: http://www.ssa.gov/OP_Home/cfr20/404/404-ap11.htm

Case No. 1:07cv69-MP/WCS

2. Does the individual have any severe impairments?

3. Does the individual have any severe impairments that meet or equal those listed in Appendix 1 of 20 C.F.R. Part 404?

4. Does the individual have any impairments which prevent past relevant work?

5. Do the individual's impairments prevent other work?

A positive finding at step one or a negative finding at step two results in disapproval of the application for benefits. A positive finding at step three results in approval of the application for benefits. At step four, the claimant bears the burden of establishing a severe impairment that precludes the performance of past relevant work. If the claimant carries this burden, the burden shifts to the Commissioner at step five to establish that despite the claimant's impairments, the claimant is able to perform other work in the national economy. Chester, 792 F.2d at 131; MacGregor v. Bowen, 786 F.2d 1050, 1052 (11th Cir. 1986). If the Commissioner carries this burden, the claimant must prove that he or she cannot perform the work suggested by the Commissioner. Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987).

**Legal Analysis**

**Whether the Administrative Law Judge erred when he applied Rule 202.13 of the "grids" to find Plaintiff not disabled**

Plaintiff contends that the Administrative Law Judge found that he can do only sedentary work. He argues that because he is 50 years old, has no transferrable skills, and can do only sedentary work, the "grids" mandate a finding that he is disabled.

The premise of this argument is flawed. While the ALJ stated at the end of his decision that Plaintiff cannot do a full range of *sedentary* work, R. 17, this was a

scrivener's error.  In the body of the opinion, the ALJ more specifically found that Plaintiff has the residual functional capacity to lift or carry up to 10 pounds frequently and 20 pounds occasionally, and can sit, stand, or walk for six hours each during an eight hour day.  R. 15.  The ALJ found that Plaintiff's residual functional capacity has the following limitations: he can only occasionally climb ramps or stairs, but never climb ropes, ladders, or scaffolds; can only occasionally balance, stoop, kneel, crouch, or crawl; and must avoid extreme cold or heat, extreme fumes, odors, gases, poor ventilation, moving machinery, or unprotected heights.  *Id.*  He further found that Plaintiff could perform only simple and unskilled tasks in a low stress environment.  *Id.*

Plaintiff has not disputed these specific findings.  These are findings that Plaintiff can do a range of light work.  The Commissioner's rules define "light work" in part:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.  If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. §§ 404.1567(b) and 416.967(b).

Rule 201.4 of Appendix 2 to Subpart P of Part 404 – Medical-Vocational Guidelines would have directed a finding of disability if Plaintiff's residual functional capacity were limited to sedentary work.  But Rule 202.13 of the "grids" directs a finding of "not disabled" when a person is "closely approaching advanced age" category (ages

50-54), has a high school education or less, has no transferrable skills, and can do light work.  This argument, therefore, is not persuasive.

### Whether the ALJ erred in applying the "grids" to Plaintiff, who cannot perform a full range of light work

Plaintiff contends that because the ALJ found that he could not perform a "full range" of light work, the "grids" would not be applicable.  Plaintiff asserts that the ALJ should have obtained testimony from a vocational expert.  It is not disputed that the ALJ did not call a vocational expert witness at the administrative hearing.

The ALJ found that "the claimant's additional limitations do not allow the claimant to perform the *full range* of sedentary work . . . ."  R. 17.  As discussed above, the use of the word "sedentary" in this sentence was directly inconsistent with the specific residual functional capacity findings, which describe a residual functional capacity to do light work, and hence was an obvious scrivener's error.

The meaning of the ALJ's finding that Plaintiff cannot do a "full range" of light work is somewhat more equivocal.  A review of the law governing use of the "grids" is required at this point:

> An ALJ has the obligation of developing a full and fair record regarding the vocational opportunities available to a claimant.  The ALJ must articulate specific jobs that the claimant is able to perform, and this finding must be supported by substantial evidence, not mere intuition or conjecture.  In appropriate circumstances, the grids may be used in lieu of vocational testimony.  However, " '[e]xclusive reliance on the grids is not appropriate either when the claimant is unable to perform a full range of work at a given residual functional level or when a claimant has a non-exertional impairment that significantly limits basic work skills.' "  Ordinarily, when non-exertional limitations are alleged, vocational testimony is used.  *See Cowart v. Schweiker*, 662 F.2d at 736; *see also MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir.1986) ("When there have been non-exertional factors (such as depression and medication side effects) alleged, the preferred method of demonstrating that the claimant can perform specific

>work is through the testimony of a vocational expert.").   "It is only when the claimant can clearly do unlimited types of light work,
>. . . that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy."

Allen v. Sullivan, 880 F.2d 1200, 1201-1202 (11th Cir. 1989) (most of the citations omitted).

Moreover, the "grids" may be used by the Commissioner "only when each variable on the appropriate grid accurately describes the claimant's situation."  Walker v. Bowen, 826 F.2d 996, 1003 (11th Cir. 1987).  There are four variables:  age, education, past work skills, and physical exertional requirements specified for the category of work (sedentary, light, medium, and heavy).  Heckler v. Campbell, 461 U.S. 458, 461-462, 103 S.Ct. 1952, 1954, 76 L.Ed.2d 66 (1983).  "Exclusive reliance on the grids is appropriate in cases involving only exertional impairments (impairments which place limits on an individual's ability to meet job strength requirements)."  Foote v. Chater, 67 F.3d 1553, 1559 (11th Cir. 1995), *citing* Campbell.

As noted from the Allen case quoted at length above, a distinction is made between exertional and non-exertional limitations.

>Exclusive reliance on the grids is not appropriate either *when a claimant is unable to perform a full range of work at a given functional level* **or** *when a claimant has non-exertional impairments that significantly limit basic work skills*. . . .   The grids also may not be used when the claimant's non-exertional impairments are severe enough to preclude a *wide range of employment at the level indicated by the exertional impairments*. . . .   Non-exertional impairments include "postural and manipulative limitations, and must be considered in determining a claimant's residual functional capacity."  20 C.F.R. § 416.945(d).

Walker v. Bowen, 826 F.2d at 1002-1003 (emphasis added); Phillips v. Barnhart, 357 F.3d 1232, 1242 (11th Cir. 2004).

> Exertional limitations should be considered first.
>
> The first condition that requires the ALJ to consult a vocational expert is when the claimant's exertional limitations prevent the claimant from performing a full range of employment. *This Court has interpreted a "full range of employment" as being able to do 'unlimited' types of work at the given exertional level.*

Phillips v. Barnhart, 357 F.3d at 1242 (citations and footnote omitted, emphasis added). "Exertional limitations affect an individual's ability to meet the seven strength demands of the job: sitting, standing, walking, lifting, carrying, pushing, and pulling." *Id.*, n. 11 (citations omitted).

The second condition considers non-exertional limitations. Despite the name, non-exertional limitations also include some exertional limitations. "Nonexertional limitations or restrictions affect an individual's ability to meet the other demands of jobs and include mental limitations, pain limitations, *and all physical limitations that are not included in the seven strength demands*." Phillips v. Barnhart, 357 F.3d at 1242, n. 11 (citations omitted, emphasis added). "When considering [a claimant's] nonexertional limitations, the ALJ need only determine whether [the claimant's] nonexertional impairments *significantly* limit her basic work skills." *Id.*, 357 F.3d at 1243 (citations omitted, emphasis added). This means "limitations that prohibit a claimant from performing 'a wide range' of work at a given work level." *Id.*

The phrase "full range" of work, which applies to exertional impairments (the seven strength categories) and the phrases "significantly limit her basic work skills," or "limitations that prohibit a claimant from performing 'a wide range' of work at a given work level," both of which apply to non-exertional impairments, seem to have been

equated in the case law. For example, in Passopulos v. Sullivan, 976 F.2d 642 (11th Cir. 1992), the court said:

> This court has recognized that the grids may be used in lieu of vocational testimony on specific jobs if none of the claimant's *nonexertional* impairments are so severe as to prevent a *full range* of employment at the designated level.

976 F.2d at 648 (citations omitted, emphasis added). Passopulos said that the issue was whether the claimant's nonexertional impairments would "erode" the claimant's "ability to perform a *full range* of light work." Id. (emphasis added).

The ALJ found that Plaintiff is limited to light work that involves only occasionally climbing ramps or stairs, never climbing ropes, ladders, or scaffolds, only occasionally balancing, stooping, kneeling, crouching, and crawling, avoiding extreme temperatures, extreme fumes, odors, gases, poor ventilation, and avoiding moving machinery and unprotected heights. None of these limitations involve the seven strength demands for an exertional limitation. All of these exertional limitations are considered to be non-exertional limitations.

Defendant suggests that the non-exertional limitations identified do not preclude a "full range" of light work, citing to Social Security Rulings. This argument, however, is contrary to case law in this circuit.

The case most on point for resolution of this appeal is Marbury v. Sullivan, 957 F.2d 837 (11th Cir. 1992). In that case, the ALJ found that the claimant could do a "wide range of light work." 957 F.2d at 839. He also found that the claimant could not work around dangerous machinery or at unprotected heights. Id. The court held that a remand was required:

> Under the ALJ's findings it is evident that claimant was not able to do *unlimited* types of light work, because he was precluded from work around unprotected heights or dangerous moving machinery. Expert testimony was therefore required to determine whether Marbury's limitations were severe enough to preclude him from performing a wide range of light work. An ALJ's conclusion that a claimant's limitations do not significantly compromise his basic work skills or are not severe enough to preclude him from performing a wide range of light work is not supported by substantial evidence unless there is testimony from a vocational expert. It was therefore error to rely upon the grids.

*Id.* (emphasis by the court, citation omitted). That is exactly the case here. Indeed, here the ALJ found that Plaintiff's ability to do light work was subject to even more non-exertional limitations.

Another persuasive case is Allen v. Sullivan, *supra*. In that case, like the case at bar, the ALJ had found that the claimant could *not* perform a "full range" of light work. 880 F.2d at 1202. Significant non-exertional impairments (dysthymic disorder, borderline mental retardation) were found to exist. *Id*. The court determined that, given these findings, it was "clear that appellant is not capable of performing *unlimited* types of light work." *Id*., (emphasis by the court). The court quoted Ferguson v. Schweiker, 641 F.2d 243, 248 (5th Cir. Unit A 1981), for the rule that: "It is only when the claimant can clearly do *unlimited* types of light work, . . . that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy." *Id*.

The ALJ in this case identified a significant number of non-exertional limitations. Consequently, it was error to rely upon the "grids." Vocational testimony was necessary at step 5. A remand is needed to correct this error. Welch v. Bowen, 854 F.2d 436, 439-440 (11th Cir. 1988) (where the grids are not appropriate, and the Administrative

Law Judge has not made specific findings as to the availability of particular jobs that exist in substantial numbers in the national economy which the Plaintiff can do despite his limitations, the proper course is for the court to remand for such factfinding.); <u>Francis v. Heckler</u>, 749 F.2d 1562, 1566 (11th Cir. 1985) ("The preferred method of demonstrating job availability when the grids are not controlling is through expert vocational testimony.").

**Conclusion**

Considering the record as a whole, the findings of the Administrative Law Judge do not correctly follow the law and are not based upon substantial evidence in the record. The decision of the Commissioner should be reversed and remanded for testimony from a vocational expert.

Accordingly, it is **RECOMMENDED** that the decision of the Commissioner to deny Plaintiff's application for Social Security benefits be **REVERSED** and **REMANDED** for testimony from a vocational expert.

**IN CHAMBERS** at Tallahassee, Florida, on November 7, 2007.

s/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 1:07cv69-MP/WCS