IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

AMOS BROWN,

    Plaintiff,

v.                                                  CASE NO. 1:07-cv-00069-MP-WCS

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

_____/

**O R D E R**

        This matter is before the Court on Doc. 20, Report and Recommendation of the Magistrate Judge, recommending that decision of the Commissioner denying benefits be reversed, and the cause remanded for further proceedings.  The Magistrate Judge filed the Report and Recommendation on Wednesday, November 7, 2007.  The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections.  Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a *de novo* review of those portions to which an objection has made.  In this instance, however, no objections were made.

        Plaintiff argues that because the Administrative Law Judge ("ALJ") found that he could not perform a "full  range" of light work, the "grids" were not applicable, and that the ALJ should have obtained testimony from a vocational expert instead.  After extensively reviewing the record, the Magistrate agrees with the Plaintiff, and recommends that the Commissioner's decision be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g).  The standard of review established by § 405(g) requires that the Commissioner's decision be affirmed if it is supported by substantial evidence and the correct legal standards have been

applied.  Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997).  Because the ALJ identified a significant number of non-exertional limitations, the Magistrate concludes that it was error to rely exclusively upon the "grids."  Marbury v. Sullivan, 957 F.2d 837 (11th Cir. 1992).  The Court agrees with the Magistrate that because the ALJ found that Plaintiff's ability to do light work was subject to non-exertional limitations, a vocational expert was required to establish whether Plaintiff can perform work that exists in the national economy.

Therefore, because the ALJ's decision did not correctly follow the law and is not supported by substantial evidence, it is reversed and the case remanded.  On remand, the ALJ should obtain testimony from a vocational expert consistent with this Order and the Report and Recommendation.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation is adopted and incorporated by reference in this order.

2. The Commissioner's decision denying benefits is reversed, and this case is remanded to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g) for proceedings consistent with this order.

3. If on remand Plaintiff is awarded past due benefits, Plaintiff's attorney must file any request for attorney's fees under 42 U.S.C. § 406(b) no later than 14 days from the date the Commissioner, pursuant to 42 U.S.C. § 406(a)(2)(D)(i), provides the claimant with written notice of the dollar amount of the past-due benefits.

4. The Clerk is directed to close this case.

**DONE AND ORDERED** this   *13th*  day of December, 2007

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge